## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20cv_____

BRANDI MARTIN, individually and as parent and next friend of L.W., a minor

Plaintiffs,

v.

DENVER PUBLIC SCHOOLS f/k/a School District No. 1 in the City and County of Denver dba Denver Public Schools, a Colorado public entity;
THOMAS PELKEY, individually and in his official capacity as school bus driver with DENVER PUBLIC SCHOOLS;
ERNEST MAKOWSKY, individually and in his official capacity as school bus paraprofessional with DENVER PUBLIC SCHOOLS;
JOHN AND JANE ROE, in their individual and official capacities;

Defendants

---

## COMPLAINT AND JURY DEMAND

---

**COME NOW** the Plaintiffs, by and through their attorneys, KIDNEIGH & KAUFMAN, P.C., and as claims against the Defendants, state, allege, and aver as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983, §1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 (federal question), §1343(a)(3) and (4) (civil rights), and the aforementioned statutory and constitutional provisions.

2. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391(b) because the Defendants are citizens and residents of Colorado, and the events, acts, and/or omissions giving rise to this action occurred in Colorado.

## PARTIES

3. Plaintiff L.W. is a minor and the biological daughter of Plaintiff Brandi Martin. Plaintiffs L.W. and Brandi Martin have resided together in the State of Colorado at all times necessary to this action. Plaintiff L.W. is bringing this action as set forth herein by and through her parent and next friend, Brandi Martin.

4. The Plaintiffs reside at 800 S. Ironton Street, Aurora, Colorado 80012, and have resided therein at all times necessary to this action.

5. At all times necessary to this action, Defendant Denver Public Schools ("DPS"), which was formerly known as School District No. 1 in the City and County of Denver dba Denver Public Schools, was and is a public entity in the State of Colorado, with its offices and principle place of business being located at 780 Grant Street, Denver, CO 80203. DPS had final policy-making authority over its employees, including over the individual Defendants named herein, at all times necessary to this action.

6. At all times necessary to this action, Defendant Thomas Pelkey ("Defendant Pelkey") is or was a citizen of the State of Colorado, employed as a school bus driver for Defendant DPS, and acting within the course and scope of his employment, and with the authority of Defendant DPS.

7. At all times necessary to this action, Defendant Ernest Makowsky ("Defendant Makowsky") was a citizen of the State of Colorado, employed as a school bus paraprofessional for DPS, and acting within the course and scope of his employment, and with the authority of Defendant DPS.

8. Defendants John and Jane Roes are DPS employees who were acting within the course and scope of their employment, and with the authority of Defendant DPS at the time they falsely

reported to police that Plaintiff Brandi Martin assaulted Defendant Pelkey and Defendant Makowsky, as described below.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by reference herein all preceding allegations set forth in this Complaint.

10. At the time of the incident described below, Plaintiff L.W. was a student at Denver Greens School Northfield, a school which is part of the DPS school system.

11. On September 18, 2019, at approximately 4:15 p.m., Defendant Pelkey and Defendant Makowsky picked up 27 children, including L.W., from Denver Green School Northfield and then departed the school to begin the drop-off route.

12. L.W. was sitting in the back of the bus next to her best friend, whom this Complaint shall refer to as Student A.

13. Shortly after Defendant Pelkey departed the school, he and Defendant Makowsky became concerned with the behavior of a few students who were sitting in the back of the bus. Video footage from inside the bus showed three female students, including L.W., singing and dancing.

14. Defendant Makowsky was sitting in front of the three students.  Defendant Makowsky asked the students to "tone it down."

15. When the students continued to sing, Defendant Makowsky reached behind him toward one of the student's cell phone.

16. Soon after, another female student moved from her seat to sit next to L.W. and Student A. Defendant Makowsky then asked Student A to go back and "sit with her girlfriend."

17. Defendant Makowsky's comment offended the students and one of the students advised Defendant Makowsky that she was going to call her mother.  Defendant Makowsky then

3

reached behind him at least two more times as if he were going to grab one of the student's cell phone.

18. At or about 4:19 p.m., Defendant Makowsky asked Defendant Pelkey to stop the bus. After the bus stopped, one of the students began to scream and Defendant Makowsky told her to "shut up" and then pointed his finger at her. More students joined in the screaming, and Defendant Pelkey threatened to call security. Students began to get on their cell phones to call their parents and advise them of the situation.

19. Once the students quieted down, Defendant Pelkey announced that he was going to begin driving again. However, when Defendant Pelkey finally resumed driving, Defendant Makowsky told the students that when they arrived at their next stop, he needed to take all of their names and that nobody was allowed to get off the bus.

20. Defendant Pelkey pulled over once again at approximately 4:33 p.m. near Hallett Academy, located at the 2900 block of North Kearney Street in North Park Hill, in Denver, Colorado. This location was not a scheduled stop.

21. After the bus stopped at 2900 Kearney Street, parents began to arrive and they asked Defendant Pelkey and Makowsky to allow their children to get off the bus. At the same time, students inside the bus asked Defendants Pelkey and Makowsky if they could get off the bus since their parents were waiting for them. However, Defendant Pelkey and Defendant Makowsky refused to allow any student to exit the bus. Some of the students were screaming and crying.

22. When Defendant Pelkey and Defendant Makowsky refused to allow any of the students, some of whom were screaming and crying, to get off the bus, the parents waiting outside became concerned. One parent began to bang on the front door of the bus. Defendant Pelkey then called bus dispatch and spoke to Defendant DPS dispatcher Tawnia Andrew and advised her

that he had to pull over and that there were a lot of parents who were trying to pick up their kids.

23. Ms. Andrew instructed Defendant Pelkey to obtain the names of the students before releasing them to their parents.

24. Students, including L.W., began to try to get off the bus but were forcibly blocked and physically restrained from leaving the bus by Defendant Pelkey and Defendant Makowsky. Defendant Pelkey then called Ms. Andrew again and requested the Denver Police Department's assistance.

25. While parents were waiting outside, they saw their children inside the bus, some of whom were screaming, crying, and begging to be let off the bus. Rather than letting any of the children off the bus, Defendant Pelkey walked to the front of the bus and announced to the parents waiting outside that no one was getting on the bus.

26. At that moment, the alarm began to sound inside the bus after somebody opened the back door in an attempt to exit the bus.

27. Defendant Pelkey then attempted to shut the back door, but met resistance when two adult males tried to stop him from doing so. At that point, Defendant Pelkey used his arms to forcibly block L.W. and another student from exiting the back of the bus. Defendant Pelkey placed his right arm on the seat in order to prevent the students from exiting the bus. The students began to push into Defendant Pelkey's forearm while screaming hysterically and trying to jump out of the back of the bus. Plaintiff L.W. was among those students screaming and she was saying she was being detained against her will.

28. Plaintiff Brandi Martin, who had been standing near the back of the bus and watching her daughter scream and cry out as she tried to exit the bus, finally entered the bus at approximately 4:47 p.m.

29. When Plaintiff Brandi Martin got on the bus to retrieve L.W., Defendant Pelkey grabbed Plaintiff Brandi Martin's left forearm, pushing Plaintiff Brandi Martin backwards into one of the bus seats.  Ms. Martin then attempted to move past both Defendant Pelkey and Defendant Makowsky by climbing over the bus seat.  At that point, L.W. was finally able to exit the bus through the back door.

30. As Plaintiff Brandi Martin was trying to get off the bus, Defendant Makowsky continued to grab at her.  Defendant Pelkey grabbed Ms. Martin by her hair and pulled her backwards.  After Plaintiff Brandi Martin was pushed backward again, she attempted to fight off Defendant Pelkey and Defendant Makowsky before she finally exited the bus.

31. Soon after Plaintiff Brandi Martin exited the bus, police officers from the Denver Police Department arrived on scene.

32. John and Jane Roe falsely reported with deliberate indifference to the Denver Police Department that Plaintiff Brandi Martin had assaulted Defendant Pelkey and Defendant Makowsky.

33. Defendants Pelkey and Makowsky also falsely reported with deliberate indifference to the Denver Police Department that Plaintiff Brandi Martin had assaulted Defendant Pelkey and Defendant Makowsky.

34. The Denver Police Department, based on the charges of assault made by John and Jane Roe, Defendant Pelkey, and Defendant Makowsky, arrested Plaintiff Martin and placed her into the back of a police car with Plaintiff L.W., while other students and parents watched.

35. On July 21, 2016, Detective Love of the Denver Police Department presented the case against Plaintiff Brandi Martin to the Denver District Attorney's Office. The Denver District Attorney's Office ultimately refused to file charges and the case was dismissed after a video depicting the incident, filmed by another concerned parent standing outside and near the back of the bus, was circulated through news and social media. The video showed Plaintiff Brandi Martin being attacked by Defendant Makowsky and Defendant Pelkey, without provocation, as she was trying to remove her 11- year-old daughter, who was then screaming to her mother that she was being detained against her will from leaving the bus.

## FEDERAL CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Violation of the Fourth and/or Fourteenth Amendments of the United States Constitution – Plaintiff Brandi Martin)**

36. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

37. Defendants John and Jane Roe, Pelkey, and Makowsky used falsified statements, made with deliberate indifference, as set forth above, to cause the arrest and confinement of Plaintiff Brandi Martin, and the prosecution of Plaintiff Brandi Martin. Defendants' false statements caused Plaintiff to be seized by way of arrest and deprived of liberty without due process of law. The false charges filed by Defendants John and Jane Roe, Pelkey, and Makowsky, with deliberate indifference, resulting in Plaintiff Brandi Martin's unlawful arrest were dismissed by the Denver District Attorney because no probable cause supported the original arrest, the confinement, or prosecution.

38. As a direct and proximate result of the use of the unlawful detention, arrest, and use of false statements to seize, arrest and prosecute Plaintiff Brandi Martin, Plaintiff Brandi Martin

suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent impairment, medical expenses, loss of wages in the past and in the future, emotional distress, humiliation, loss of enjoyment of life, embarrassment, damaged reputation, and great physical and mental pain and suffering.

39. Plaintiff Brandi Martin is entitled to an award of compensatory and punitive damages and attorneys' fees, expert witness fees and costs pursuant to 42 U.S.C. §§1983 and 1988.

## SECOND CLAIM FOR RELIEF
**(Violation of the Fourth Amendment of the United States Constitution – Unreasonable Search/Seizure – L.W)**

40. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

41. When seizing a person and/or using physical force to control or restrain an individual, the Fourth Amendment protections only allow state actors to use the amount of force that is reasonable and necessary under the circumstances.

42. Furthermore, the Fourth Amendment protects persons from unreasonable seizures.

43. Defendant Pelkey and Defendant Makowsky used unnecessary and excessive force in physically restraining and detaining L.W. on the bus.

44. Defendant Pelkey and Defendant Makowsky unreasonably seized L.W. by physically detaining her on the bus and by restraining her from exiting the bus and otherwise preventing her from leaving the bus

45. A reasonable state actor in the position of Defendant Pelkey and Defendant Makowsky knew or should have known that his actions violated clearly established law and the Defendant Pelkey and Defendant Makowsky acted, as described above, with deliberate indifference in violating clearly established law.

46. As a direct and proximate result of the unreasonable seizure of L.W., Plaintiffs have suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent impairment, medical expenses, loss of wages in the past and in the future, emotional distress, humiliation, loss of enjoyment of life, embarrassment, damaged reputation, and great physical and mental pain and suffering.

47. Plaintiff L.W. is entitled to an award of compensatory and punitive damages and attorneys' fees, expert fees and costs pursuant to 42 U.S.C. §§1983 and 1988.

## COLORADO STATE LAW CLAIMS FOR RELIEF

48. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

49. Plaintiff has given notice relevant to all the State Law claims being made in this Complaint pursuant to C.R.S. §24-10-109.

50. At all times necessary to this action, Defendant Pelkey and Defendant Makowsky were employees or agents of DPS, acting within the course and scope of their employment or agency with DPS, in the performance of their duties with DPS, and with the authority of DPS, such that DPS is liable to the Plaintiffs for the conduct of Defendant Pelkey and Defendant Makowsky as set forth above and below which gives rise to the claims the Plaintiffs are asserting against Defendant Pelkey and Defendant Makowsky, as described above and below, pursuant to C.R.S. 24-10-101, et seq, and based on the doctrine of *respondeat superior* and pursuant to general agency law.

51. Upon information and belief, DPS failed to provide sufficient training and instruction to Defendant Pelkey and Defendant Makowsky with respect to how to interact with students and

handle conflicts with students and parents, and failed to implement any training and instruction it did provide in this regard.

52. Upon information and belief, DPS failed to properly supervise Defendant Pelkey and Defendant Makowsky, including but not limited to, failing to properly monitor and govern Defendant Pelkey's and Defendant Makowsky's interactions with students, parents, and other DPS faculty and employees.

53. As a direct and proximate result of the actions of Defendant Pelkey, Defendant Makowsky, and DPS, Plaintiffs Brandi Martin and L.W. sustained damages, including, but not limited to fear, anxiety, embarrassment, indignity, public disgrace, impairment of their reputations, personal humiliation, inconvenience, and mental pain, anguish, and suffering, as well emotional difficulties characterized by depression, anger, anxiety and frustration.

54. As a direct and proximate result of the actions of Defendant Pelkey, Defendant Makowsky, and DPS, Plaintiffs Brandi Martin and L.W. have incurred in the past and will incur in the future, medical and psychotherapy expenses related thereto; has suffered in the past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future, a loss of time, a loss of income, a loss of earning capacity, a loss of enjoyment of life, impairment to the quality of life, inconvenience, and impairment of their reputations as well as other economic and non-economic damages, all to their compensatory damages in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Negligence – Thomas Pelkey)

55. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

56. At all times necessary to this action, Defendant Pelkey had a duty to act in a reasonable manner.

57. Defendant Pelkey was negligent in acting in a careless and unreasonable manner by: stopping the bus before the assigned stop; stopping the bus at a random location; refusing to allow students, including Plaintiff L.W., to exit the bus; threatening students, including Plaintiff L.W., and parents, including Plaintiff Brandi Martin; physically restraining and detaining students, including Plaintiff L.W., and parents; and restraining, detaining, and assaulting Plaintiff Brandi Martin.

58. As a result of Defendant Pelkey's negligence, Plaintiffs suffered injuries, damages, and losses as set forth previously

### FOURTH CLAIM FOR RELIEF
### (Negligence - Ernest Makowsky)

59. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

60. At all times necessary to this action, Defendant Makowsky had a duty to act in a reasonable manner.

61. Defendant Pelkey was negligent in acting in a careless and unreasonable manner by: insulting students on the bus, including Plaintiff L.W.; refusing to allow students to exit the bus, including Plaintiff L.W.; threatening students, including Plaintiff L.W., and parents, including Plaintiff Brandi Martin; physically restraining and detaining students, including Plaintiff L.W., and parents; and restraining, detaining, and assaulting Plaintiff Brandi Martin.

62. As a result of Defendant Makowsky's negligence, Plaintiffs suffered injuries, damages, and losses as set forth previously

### FIFTH CLAIM FOR RELIEF
### (Assault - Thomas Pelkey)

63. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

64. Defendant Pelkey intended to cause an offensive or harmful physical contact with Brandi Martin by grabbing Plaintiff Martin by her arm and hair, and attempting to pull Plaintiff Martin to the ground.

65. Defendant Pelkey placed Ms. Martin in apprehension of immediate physical contact.

66. Defendant Pelkey's contact was harmful to Plaintiff Martin.

67. As a result of this harmful contact, Plaintiff Brandi Martin suffered injuries, damages, and losses as set forth previously.

**SIXTH CLAIM FOR RELIEF**
**(Assault - Ernest Makowsky)**

68. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

69. Defendant Makowski intended to cause an offensive or harmful physical contact with Brandi Martin by grabbing Plaintiff Martin by her arm and hair, and attempting to pull Ms. Martin to the ground.

70. Defendant Makowski placed Plaintiff Martin in apprehension of immediate physical contact.

71. Defendant Makowski's contact was harmful to Plaintiff Martin.

72. As a result of this harmful contact, Plaintiff Brandi Martin suffered injuries, damages, and losses as set forth previously.

**SEVENTH CLAIM FOR RELIEF**
**(Battery - Thomas Pelkey)**

73. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

74. Defendant Pelkey physically contacted Plaintiff Brandi Martin by grabbing Plaintiff Martin by her arm and hair, and attempting to pull Plaintiff Martin to the ground.

75. Defendant Pelkey intended to make harmful and offensive physical contact with Plaintiff Martin.

76. Defendant Pelkey's physical contact was harmful and offensive to Plaintiff Martin.

77. As a result of this harmful and offensive physical contact, Plaintiff Brandi Martin suffered injuries, damages, and losses as set forth previously.

**EIGHTH CLAIM FOR RELIEF**
**(Malicious Prosecution)**

78. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

79. Defendants Pelkey, Makowsky, and John and Jane Roe accused Plaintiff Brandi Martin of committing criminal acts, including but not limited to harassment, assault, and battery.

80. As a result of these accusations, Plaintiff Martin was arrested and charged with assault.

81. After reviewing the audio and video footage of the incident, the Denver District Attorney's Office refused to prosecute the case. Defendants John and Jane Roe, Pelkey, and Makowsky gave statements to law enforcement that they were attacked by Plaintiff Martin, an assertion that conflicts with the audio and video evidence and the eyewitness accounts of the incident.

82. Defendants Pelkey, Makowsky, and John and Jane Roe made the statements leading to Plaintiff Brandi Martin's arrest without probable cause because they were not made in good faith since at the time the statements were made Defendants Pelkey, Makowsky, and John and Jane Roe knew the statements were false or they made the statements in reckless disregard as to whether they were false and a reasonable person at the time Defendants Pelkey, Makowsky, and John

and Jane Roe made the statements would not have believed that Brandi Martin was guilty of any criminal offense, as shown by the audio and video footage of the incident.

83. Defendants Pelkey's, Makowsky's, and John and Jane Roe's statements against Plaintiff Brandi Martin were motivated by malice against Plaintiff Martin as the statements about this incident were false and contradicted by the audio and video footage and the eyewitness accounts of the incident.  Furthermore, Defendants Pelkey, Makowsky, and John and Jane Roe were upset about this incident and that Ms. Martin had boarded the bus to get her daughter.  Thus, Defendants Pelkey Makowsky, and John and Jane Roe had a motive in charging Ms. Martin with committing a crime which motive was other than their desire to bring Ms. Martin to justice.

84. Thus, Defendants Pelkey, Makowsky, and John and Jane Roe maliciously prosecuted Plaintiff Brandi Martin and as a result, Ms. Martin suffered injuries, damages, and losses as set forth previously.

## NINTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

85. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

86. As set forth above, Defendants Pelkey, Makowsky, and John and Jane Roe: refused to allow students to exit the bus; threatened students and parents; physically restrained students and parents; assaulted Plaintiff Brandi Martin; and accused Plaintiff Martin of assault, which resulted in her arrest.

87. Defendants Pelkey, Makowsky, and John and Jane Roe acted recklessly or with the intent of causing Brandi Martin and L.W. severe emotional distress.  Defendants Pelkey, Makowsky,

and John and Jane Roe knew that there was a substantial probability that their actions would cause Plaintiffs Brandi Martin and L.W. to suffer severe emotional distress.

88. Defendants Pelkey, Makowsky, and John and Jane Roe's conduct caused Plaintiffs Brandi Martin and L.W. to suffer severe emotional distress and damages as set forth in the previously.

89. As a result of the actions of Defendants Pelkey, Makowsky, and John and Jane Roe, which constitute the intentional infliction of emotional distress, Plaintiffs Brandi Martin and L.W. suffered injuries, damages, and losses as set forth in the previously.

### NINTH CLAIM FOR RELIEF
(Respondeat Superior/Agency Law/C.R.S. 24-10-101, et seq. - DPS)

90. Plaintiffs incorporate by reference herein the allegations set forth in the preceding paragraphs of this complaint as though fully set forth herein.

91. At all times pertinent to this action, Defendant Pelkey, Defendant Makowsky, and John and Jane Roe were acting at the direction and with the permission of DPS.

92. At all times pertinent to this action, Defendant Pelkey and Defendant Makowsky were acting within the scope and course of their employment or agency with Defendant DPS, in the performance of their duties with DPS, and with the authority of Defendant DPS.

93. At all times pertinent to this action, the acts or omissions of Defendant Pelkey, Defendant Makowsky, and John and Jane Roe were, in law, the acts or omissions of Defendant DPS.

94. DPS is vicariously liable for the acts and omissions of Defendant Pelkey and Defendant Makowsky under the doctrine of *respondeat superior* and general agency law, and is liable therefor pursuant to C.R.S. 24-10-101, et seq.

95. As a direct and proximate result of the aforementioned acts and omissions of Defendant Pelkey, Defendant Makowsky, for which Defendant DPS is vicariously liable or is liable pursuant to

C.R.S. 24-10-101, et seq, Plaintiffs Brandi Martin and L.W. suffered injuries, damages, and losses as set forth previously.

**WHEREFORE**, Plaintiffs Brandi Martin and L.W. herein pray for judgment against Defendants Defendant Pelkey, Defendant Makowsky, John and Jane Roe, and DPS, and each of them, jointly and severally, as follows:

a. For judgment in favor of Plaintiffs Brandi Martin and L.W. compensatory damages in an amount that will fully and fairly compensate Plaintiffs for their injuries, damages, and losses, pursuant to 42 U.S.C. §1983;

b. For judgment on their State Law Claims in favor of Plaintiffs Brandi Martin and L.W., in an amount to be determined at trial as and for compensatory damages;

c. For judgment in favor of Plaintiffs Brandi Martin and L.W., awarding pre and post judgment interest as provided by law, costs, expert witness fees, attorneys' fees, expenses, and such other relief as the court may deem proper in the premises.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 17th day of September, 2020

*Filed via Colorado Courts E-Filing*
*A duly signed original on file with the*
*office of Kidneigh & Kaufman, P.C.*


 */s/ Charles G. Crichton*
JENNIFER L. CRICHTON #37994
STEPHEN C. KAUFMAN #10564
CHARLES G. CRICHTON #38557

Plaintiffs' Address:
800 S. Ironton Street
Aurora, Colorado 80012